IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| SYLATIA A. DANIEL, et al., | Case No. 1:24-cv-561 |
| Plaintiffs, | Judge Matthew W. McFarland |
| v. | |
| SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 6)

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6). Plaintiffs did not file a response in opposition, and the time to do so has passed. Therefore, the matter is ripe for the Court's review. For the reasons below, Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

## BACKGROUND

Plaintiffs Sylatia Daniel, a United States citizen, and Fousseynou Toure, a citizen of Mali and husband of Ms. Daniel, filed an I-130 petition on October 6, 2020. (Complaint, Doc. 1, ¶¶ 1-2.) This served as the first step in the process for Mr. Toure to obtain permanent resident status in the United States. (*Id.*) Plaintiffs brought this suit to petition Defendants Secretary of the Department of Homeland Security, Director of USCIS, and Field Office Director of the USCIS Cincinnati Field Office to adjudicate Plaintiffs' I-130 petition. (*See generally,* Complaint, Doc. 1.) When they filed their Complaint on October

8, 2024, Plaintiffs had not received an adjudication on their I-130 petition. (*Id.* ¶ 2.)

On January 8, 2025, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6). In the Motion, Defendants notified the Court that Plaintiffs had received their requested relief, an adjudication of their I-130 petition, on October 30, 2024, when their I-130 petition was denied. (Doc. 6, Pg. ID 43-44; *see also* Notice of Decision, Doc. 7-1.) Therefore, according to Defendants, the Court lacks subject matter jurisdiction in this case. (*Id.*)

Plaintiffs had twenty-one days to respond in opposition to the Motion, per S.D. Ohio Civ. R. 7.2(a)(2). But, on February 5, 2025, twenty-eight days after Defendants filed their Motion, Magistrate Judge Bowman issued an Order to Show Cause, pointing out that Plaintiffs had not yet responded to the Motion. (Order, Doc. 8, Pg. ID 59.) The Order provided Plaintiffs until February 26, 2025, an additional twenty-one days, to show cause as to why they have not responded or to file a response to the Motion. (*Id.*) Otherwise, the Order warned, Defendants' Motion would be construed as unopposed and could be granted on that basis. (*Id.*) The Order's cutoff date has passed, and Plaintiffs have not responded to the Order or the Motion.

## LAW & ANALYSIS

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. R. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept all allegations of material fact as true and must construe such allegations in the light most

2

favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Courts are not bound to do the same for a complaint's legal conclusions. *Id.* at 555.

Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

Furthermore, a motion to dismiss that is unopposed may be granted on that basis alone. *Humphrey v. U.S. Attorney Gen.'s Office*, 729 F. App'x 328, 331 (6th Cir. 2008); *see also Burdick v. Anthony*, No. 1:06-CV-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") Plaintiffs who have failed to oppose a motion to dismiss their claims are deemed to have "forfeited" those claims, making dismissal proper. *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013).

Plaintiffs had forty-nine days from the date of Defendants' Motion to respond in opposition, more than double the time typically allowed by S.D. Ohio Civ. R. 7.2(a)(2). The Magistrate Judge, in her Order, provided Plaintiffs with both notice of the effects of nonresponse, as well as the additional twenty-one days to respond. (Order, Doc. 8.) But, Plaintiffs have failed to respond to Defendants' Motion to Dismiss their Complaint. Thus, they are deemed to have forfeited all of their claims. *Notredan*, 531 F. App'x at 569.

## CONCLUSION

For these reasons, this Court **GRANTS** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6). Plaintiffs' case is **DISMISSED WITH PREJUDICE** and **TERMINATED** from the docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND